IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER L. OAKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-1648 |
| ) | |
| ) | |
| ANDREW SAUL ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 27th day of November, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14), filed in the above-captioned matter on May 22, 2019,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on April 22, 2019,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that is seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.      Background**

On May 4, 2012, Heather L. Oakes filed a claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed

1

that she became disabled on July 15, 2006, due to familial adenomatous polyposis ("FAP"), depression, mood swings, anxiety, dyslexia, high blood pressure, bulimia, obesity, colon problems, and acid reflux. (R. 139, 159).

After being denied initially on August 16, 2012, Plaintiff sought, and obtained, a hearing on September 26, 2013, before an Administrative Law Judge ("ALJ"). (R. 35-59). In a decision dated November 8, 2013, the ALJ denied Plaintiff's request for benefits. (R. 21-30). After the Appeals Council denied Plaintiff's request for review on February 13, 2015, Plaintiff appealed to the United States District Court for the Western District of Pennsylvania. (R. 1-6). District Judge Donetta W. Ambrose remanded the case back to the Agency on September 1, 2016. (R. 681-704). Because Plaintiff had filed a subsequent claim, alleging disability due to depression, bipolar, anxiety, high blood pressure, dyslexia, and morbid obesity, the Appeals Council, upon remand, ordered that the two cases be consolidated. (R. 710-11, 837).

On remand, the ALJ held two hearings, on August 10, 2017, and on February 20, 2018, at which Plaintiff testified. (R. 576-603, 604-31). Medical expert Nahir Shah, M.D., and a vocational expert also testified at the hearing on February 20, 2018. (R. 576-603). In a decision dated October 11, 2018, the ALJ again denied Plaintiff's request for benefits. (R. 553-66). After 60 days, the ALJ's decision became the Commissioner's final decision. Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239

2

F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order

to deny a claim of disability. See 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

## III.  The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the application date, May 4, 2012. (R. 555). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, particularly, chronic low back pain with left lumbar radiculopathy; major depressive disorder, recurrent, moderate; generalized anxiety disorder; FAP; and obesity, status post gastric bypass surgery. (R. 556). The ALJ further concluded that Plaintiff's impairments did not meet any of the Listings that would satisfy Step Three. (R. 556).

The ALJ next found that Plaintiff retained the RFC to perform light work, except that she can lift and carry 20 pounds occasionally and 10 pounds frequently, while sitting for 6 hours in an 8 hour workday (except she must have the ability to alternate to standing for 5 minutes after every 55 minutes of sitting), and she can stand for 6 hours in an 8 hour workday (except she must have the ability to alternate to sitting for 5 minutes after every 55 minutes of standing), and she can walk for 6 hours in an 8 hour workday (except she must have the ability to alternate to sitting for 5 minutes after every 55 minutes of walking), and she is able to remain on-task during these periods of alternating position; she is able to push and pull as much as she can lift and carry; she can perform simple, routine, and repetitive tasks, and she is capable of frequent interaction with supervisors, but no more than cursory interactions with co-workers which do not involve

persuading, negotiating, instructing, or working in collaboration with others, and she is limited to positions that do not require interactions with the general public; and, in addition to normal breaks, she can be expected to be off-task more than 10% but less than 15% of the time in an 8 hour workday, and she would be absent from work one day a month. (R. 557-58). At Step Four, the ALJ found that Plaintiff was unable to perform any past relevant work, so he moved on to Step Five. (R. 564). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as retail marker, office helper—back office position, and photocopy machine operator. (R. 565). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 566).

## IV. Legal Analysis

Plaintiff raises several arguments as to why she believes that the ALJ erred in finding her to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is once again warranted in this case. Specifically, the Court finds that, despite Judge Ambrose previously having ordered the ALJ to consider and discuss Plaintiff's symptoms of bleeding on remand, the ALJ failed to do so; because the Court finds that such discussion is still potentially relevant to the RFC in this case, the Court cannot find that the RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 416.945(a)(1). Not

only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

The Court emphasizes that, while an ALJ is not expected to make reference to every relevant treatment note in a case, he is expected "to consider and evaluate the medical evidence in the record consistent with his responsibilities." Fargnoli, 247 F.3d at 42. Further, an ALJ is required to indicate the evidence he rejects and explain his reasons for discounting pertinent evidence. See id. at 43. Thus, if an ALJ fails to mention significant findings, the reviewing court cannot determine whether the ALJ considered and rejected such findings, whether the ALJ considered and discounted them, or whether the ALJ failed to consider them at all. See id. at 40 n.5.

In reviewing the first ALJ decision in this case, Judge Ambrose noted that Plaintiff testified about and the record indicated her problems with bleeding, including rectal bleeding and vaginal bleeding, and that Plaintiff's treating physician, Wendy Palastro, M.D., had opined that Plaintiff would need additional breaks from work when she was bleeding. (R. 368, 544, 697). Judge Ambrose further explained in her order that the ALJ's discussion regarding Plaintiff's

difficulty with bleeding and how her bleeding would affect her ability to work, including her need for bathroom breaks, was "non-existent." (R. 697-98). Therefore, Judge Ambrose found that remand was necessary for, among other things, consideration of Plaintiff's "symptoms regarding bleeding and bowel problems, the need for bathroom breaks and/or other bathroom accommodations." (R. 698).

Nevertheless, upon remand from Judge Ambrose's order, the ALJ again failed to consider Plaintiff's symptoms of bleeding, other than stating that Plaintiff continued to complain that she still has bleeding and pain when she goes to the bathroom.[1] (R. 558). The Court notes that such symptoms could affect Plaintiff's RFC, including her need for bathroom breaks and perhaps other bathroom accommodations. Moreover, as Judge Ambrose also previously stated in her remand order, the Court recognizes that repeated reports of bleeding would also lend support to Dr. Palastro's finding that Plaintiff required significant unscheduled breaks, and could thus affect the weight the ALJ chose to give that opinion in his decision.

Upon review of the record, the Court finds that the ALJ did not sufficiently explain his consideration of Plaintiff's bleeding symptoms, nor did he provide an adequate explanation for his decision regarding Plaintiff's need for breaks due to such bleeding in the RFC. Although the ALJ included some breaks and time off-task in Plaintiff's RFC, since he did not explain his reasons for including those breaks, nor did he explain how he determined that the breaks included in the RFC were appropriately tailored to Plaintiff's needs, it is not clear to the Court whether those breaks are based on substantial evidence or whether such breaks do in fact adequately accommodate Plaintiff's bleeding symptoms.

---

[1]  Although the Court notes that, in his hearing testimony, medical expert Dr. Shah could not explain the etiology of Plaintiff's bleeding, that did not mean that the ALJ was not obligated to address Plaintiff's bleeding symptoms and provide an explanation for his treatment of such symptoms in the RFC. (R. 588).

Accordingly, because, once again, the Court cannot discern whether the ALJ considered and rejected the evidence of Plaintiff's bleeding, whether he considered and discounted such evidence, or whether he failed to consider such evidence at all, remand is required. Moreover, since the ALJ did not provide an adequate explanation of his consideration of Plaintiff's bleeding symptoms, it is not apparent to the Court whether the ALJ's decision in this regard was based on substantial evidence. Additionally, the Court notes that proper consideration of Plaintiff's bleeding could have affected the weight the ALJ ultimately chose to give to the opinion of Dr. Palastro. Remand is therefore required to allow for discussion regarding Plaintiff's bleeding symptoms and her need for bathroom breaks and/or other bathroom accommodations.

The Court notes that, since this case was previously remanded by Judge Ambrose in part for the same reason that it is being remanded now, the ALJ should ensure that all of Plaintiff's symptoms are addressed appropriately on remand. Additionally, the ALJ should, of course, ensure that proper weight be accorded to all of the opinions and medical evidence presented in the record, and he should verify that his conclusions at all steps of the sequential evaluation process are adequately explained, in order to eliminate the need for any future remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record